**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**AMANDA G. JUSTUS** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 4:26-CV-55-SA-DAS**

**HHS ENVIRONMENTAL SERVICES, LLC** **DEFENDANT**

# ORDER

Before the Court is Plaintiff's motion for Payment of Costs and Fees Pursuant to Rule 4(d)(2), which has been fully briefed and is ripe for review. Plaintiff seeks recovery of $1,869.50 in costs and attorney's fees related to serving Defendant with process following Defendant's failure to return a request to waive service of summons. Rule 4(d) provides that "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons," and if the defendant "fails, without good cause, to sign and return a waiver requested by a plaintiff . . . , the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2).

Defendant's argument is three-fold. First, it argues Plaintiff failed to offer evidence that she mailed the waiver and that Defendant received it. Second, Defendant argues the motion was not necessary because Plaintiff failed to consult Defendant prior to filing the motion to determine if it would be opposed. And third, Defendant argues Plaintiff's recovery should be limited only to the cost of obtaining service of process: $86.00. According to Defendant, since the motion was not necessary, Plaintiff cannot recover the costs of preparing and pursuing the motion.

The record belies the first argument. On April 28, 2026, Plaintiff's attorney docketed a "Request for Waiver of Service sent to HHS Environmental Services, LLC on 4/28/26." The form advised Defendant that the signed waiver should be returned within 30 days and further advised of the consequences of failing to return the form, including that it may be required to pay the expenses for making service. That alone is sufficient to satisfy Plaintiff's burden. *See Rice v. HamiltonDavis Mental Health, Inc.*, 2023 WL 5184144, at *1 (S.D. Miss. Aug. 11, 2023).

The second argument was soundly rejected by Judge Lee. *See id.* at *2. While not binding on this Court, the logic is nevertheless persuasive. As Plaintiff argues, "there is not actually any attorney fee savings in drafting the motion and sending it to opposing counsel before filing—to the contrary, it requires additional time in consulting." Moreover, Defendant did, in fact, oppose the motion at length on the merits.

The Court agrees, in part, with Defendant's third argument. Even Plaintiff concedes her original request for fees should be reduced by $200, which included non-compensable time spent drafting the notice and return unexecuted. Thus, Plaintiff seeks $582.50 in costs and fees associated with obtaining service and drafting the motion and an additional $1,297.00 for attorney's fees for time spent researching and drafting the reply.[1] However, the Court finds a further reduction is necessary. Plaintiff's attorney's invoice includes paralegal time spent sending the complaint for service and printing an invoice ($25.00) and paralegal time spent receiving the proof of summons, preparing it for filing, and filing it ($125.00). Legal fees incurred in making service are not recoverable. *See id.* ("Indeed, unlike Rule 4(d)(2)(b), which provides for the recovery of reasonable expenses, *including attorney's fees*, of any motion required to collect

[1] According to the Court's math, Plaintiff's total request is $1,879.50. Yet, Plaintiff's conclusion in her reply specifically seeks $1,869.50.

service-related expenses, Rule 4(d)(2)(A) provides only for the recovery of expenses incurred in making service.") (cleaned up).

Based on the foregoing, it is ordered that Plaintiff's motion is granted to the extent Defendant's shall pay $1,729.50, which amount includes $86 in expenses for service and $1,643.50 in legal fees for preparation and filing of the present motion, memorandum, and reply.

**SO ORDERED**, this the 15th day of September, 2026.

**/s/ David A. Sanders**
**UNITED STATES MAGISTRATE JUDGE**